# EXHIBIT A

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| GRISELDA E. PAULI, on behalf of herself and all other similarly situated consumers, <br><br> Plaintiff(s), <br><br> -vs- <br><br> MERCANTILE ADJUSTMENT BUREAU, LLC <br><br> Defendant. | Case No.: |

## CLASS ACTION COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, GRISELDA E. PAULI, on her own behalf and on behalf of those similarly situated (collectively, "Consumers" or "Class Members"), by and through Undersigned Counsel, sues Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC and alleges:

1. Plaintiff seeks redress for the illegal practices of Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC concerning the collection of debts, in violation of the Florida Consumer Collection Protection Act, Florida Stat. § 559.55 et *seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### I. JURISDICTION AND IDENTIFICATION OF PARTIES

2. This is a class action at law seeking monetary damages in an amount that exceeds $50,000.00, exclusive of interest, costs, and attorney's fees.

3. Accordingly, the Circuit Court has subject matter jurisdiction over this action pursuant to Fla. Stat. §26.012(2)(a).

4. This Court has personal jurisdiction over Defendant pursuant to Florida's long-arm statute. *See* Fla. Stat. §§ 48.193(1).

1

5. Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: specific jurisdiction and general jurisdiction and when a Plaintiff satisfies the long-arm statute's requirements for specific jurisdiction over a Defendant, there is no need to engage in the general jurisdiction analysis.

6. Under Florida's long-arm statute, a court may exercise specific personal jurisdiction over a nonresident defendant who engaged in one of the enumerated acts listed under Fla. Stat. § 48.193(1)(a).

7. Section 48.193(1)(a)(1) states a nonresident defendant may be subjected to the jurisdiction of a court in Florida for either "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1).

8. Defendant's conduct in this Action triggers the necessary prong of Florida's long-arm jurisdiction because Defendant is engaged in substantial and not isolated activity within this State by targeting Florida consumers.

9. Defendant is a debt collector and regularly conducts business in the State of Florida, where it specifically targets Florida citizens, such as Plaintiff.

A. **The Parties**

10. That all material hereto, Plaintiff, GRISELDA E. PAULI, is a resident and citizen of Broward County, Florida, is over the age of eighteen (18) years, and otherwise *sui juris*.

11. Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC ("MAB" or "Defendant"), is a foreign limited liability company, incorporated in the State of New York, with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York 14221, and by and through its officers, representatives, and agents, conducted and conducts business in Broward County, Florida.

12. All conditions precedent to bringing this lawsuit have been met and/or waived.

## II. GENERAL ALLEGATIONS

13. Plaintiff is a consumer as that term is defined by Fla. Stat. § 559.95(8) and as defined by Section 1692(a)(3) of the FDCPA.

14. Defendant is a "debt collector" as that term is defined by Fla. Stat. §559.55(7) and by 15 U.S.C. § 1692a(6).

15. The alleged debt that Defendant sought to collect from Plaintiff is a consumer debt as defined by Fla. Stat. §559.55(6) and 15 U.S.C. § 1692a(5).

16. Defendant regularly engages, for profit in the collection of consumer debts.

### A. Allegations Particular to Griselda E Pauli

17. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

18. On or about May 15, 2023, Defendant sent Plaintiff a collection letter (hereinafter, "Letter") seeking to collect a balance allegedly incurred for personal purposes. The Letter is attached hereto as **Exhibit "A"** and incorporated by reference herein.

19. Plaintiff contends that Plaintiff did not receive a prior letter.

20. Said Letter does not contain the disclosures which an initial letter typically contains as per the Consumer Financial Protection Bureau.

21. Despite being told otherwise, Plaintiff did not receive the initial letter which Defendant claimed was sent.

22. Subsequent to the receiving of the Letter from the Defendant, in order to protect her rights, on or about May 31, 2023 Plaintiff contacted the Defendant.

23. Plaintiff spoke with Defendant's debt collector employee.

3

24. In order to protect her rights, within the thirty day period from when she realized she was being dunned by the Defendant, she requested that the debt be marked as disputed.

25. Defendant's collector would not accept the dispute and mark the debt as disputed unless the Plaintiff gave a reason.

26. The Plaintiff simply wanted to have the debt marked as disputed but was unable to do so.

27. Defendant's demand is illegal and intended to harass, deceive and prejudice Plaintiff.

28. Upon information and belief, the Defendant's collection representative followed the collection protocols of the Defendant and did not deviate from same.

29. The collector refused to allow the Plaintiff to have the debt marked as disputed.

30. Defendant failed to train its collection employees to accept a consumer's dispute without demanding a reason from consumers.

31. The Defendant contradicts consumers' right to dispute a debt and overcome the presumption of validity at the end of the initial dispute period.

32. At the termination of the telephone call, the Plaintiff was left with the understanding the debt was not marked as disputed.

33. The conduct of the collector violated 15 USC 1692e, 1692e(10) and 1692g.

34. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

35. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

36. Defendant violated Plaintiff's right to not be the target of misleading debt collection communications.

37. Defendant violated Plaintiff's right to a truthful and fair debt collection process. Plaintiff

suffered injury in fact by being subjected to Defendant's unfair and abusive practices.

38. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

39. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The FDCPA functions to ensure that debt collectors provide all the necessary information to consumers so that consumers can make intelligent decisions. Defendant's false representations misled Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e, 1692e(10) and 1692g of the Act.

40. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

41. As an actual and proximate result of Defendant's acts and omissions, Plaintiff has suffered damages, including but not limited to, fear, stress, mental anguish, emotional stress, and acute embarrassment for which she should be compensated in an amount to be proven by a jury at trial.

### III. CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated pursuant to Fla. R. Civ. P. 1.220. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Rule.

43. The proposed Class is defined as:

> All consumers who spoke with one of Defendant's collectors and were unable to dispute the debt.

44. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

45. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether Defendant violated the FCCPA and/or the FDCPA.

46. The members of the class are unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

47. Courts apply the Least Sophisticated Consumer Standard when evaluating collection attempts, such as those Defendant made.

48. Plaintiff does not currently know the exact number of Class Members or their identities because such information is in Defendant's exclusive control and can only be ascertained by review of its records. However, Plaintiff believes that there are hundreds of Class Members, or at least the minimum amount of class members to constitute a class. The Class Members are sufficiently numerous and geographically dispersed; therefore, joinder of all Class Members is impracticable.

49. Plaintiff's claims are typical of the Class.

50. The factual basis of Defendant's misconduct is common to all Class Members and resulted in injury to all Class Members.

51. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class Members.

52. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit many similarly situated persons to adjudicate

their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense, and risk of inconsistent rulings that numerous individual actions would cause. Class treatment will also permit the adjudication of small claims by Class Members who otherwise might not be able to afford to litigate their claims individually. This class action presents no difficulties in management that would preclude maintenance as a class action.

53. This forum is particularly desirable for the prosecution of this class action because Defendant specifically targets Florida consumers, and the lead Plaintiff is domiciled in Florida.

54. Litigating on a class action basis in this forum will decrease the cost of discovery and prosecution.

55. Plaintiff has suffered the harm alleged on behalf of the Class and has no interests antagonistic to the interests of any other Class Members. She is committed to the prosecution of this action and has retained counsel experienced in the prosecution of class actions and complex commercial actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class Members. Plaintiff is not aware of any other pending litigation concerning this controversy that involves Class Members.

56. Finally, the Class is readily definable, and Defendant's records exist in Defendant's files as to the class members.

**COUNT I – Violations of the FCCPA (Brought by Plaintiff on Behalf of herself and the Members of a Class, Against Defendant)**

57. Plaintiff adopts and incorporates the allegations in Paragraphs 1-56.

58. This cause of action is brought on behalf of Plaintiff and the class members.

59. The class consists of all persons whom Defendant's records reflect resided in the State of Florida and who were sent a collection letter in substantially the same form letters as the Letter

sent to Plaintiff on or about May 15, 2023 (Exhibit "A"); and (a) the collection letters were sent to a consumer seeking payment of an alleged consumer debt; (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the consumer was not able to dispute the debt within the initial dispute period in violation of Fla. Stat. § 559.72(7).

60.   Plaintiff and the Class Members are entitled to damages in accordance with the FCCPA because Defendant violated the FCCPA.

61.   Pursuant to Fla. Stat. § 559.77(2), Plaintiff is entitled to recover her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands the entry of preliminary and permanent injunctive relief and entry of judgment against Defendant, awarding Plaintiff and the class members damages as follows:

   a. Statutory damages provided under the Fla. Stat. § 559.77.
   b. Attorney fees and costs incurred in bringing this action as provided by statute; and
   c. Any other relief that this Court deems appropriate and just under the circumstances.

**COUNT II – Violations of the Fair Debt Collection Practices Act (Brought by Plaintiff on Behalf of Herself and the Members of a Class, Against Defendant)**

62.   Plaintiff adopts and incorporates the allegations in Paragraphs 1-56.

63.   This cause of action is brought on behalf of Plaintiff and the class members.

64.   The class consists of all persons whom Defendant's records reflect resided in the State of Florida and who were sent a collection letter in substantially the same form as the Letters (Exhibit "A") sent Plaintiff.

  a. the collection letter was sent to a consumer seeking payment of a debt; and (b) the collection letter was not returned by the postal service as undelivered;

  b. Plaintiff asserts that the Letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692g.

65. Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

66. Plaintiff and the Class Members are entitled to damages in accordance with the Fair Debt Collection Practices Act because Defendant violated the Fair Debt Collection Practices Act.

  WHEREFORE, Plaintiff respectfully demands the entry of preliminary and permanent injunctive relief and entry of judgment against Defendant, awarding Plaintiff and the class members damages as follows:

  d. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

  e. Attorney fees and costs incurred in bringing this action as provided by statute; and

  f. Any other relief that this Court deems appropriate and just under the circumstances.

[CONTINUED ON NEXT PAGE]

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

DATED: November 17, 2023

                                      Respectfully submitted,

                                      LEVY & PARTNERS, PLLC
*Attorneys for the Plaintiffs*
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 – Telephone
(954) 241-6857 – Facsimile
Primary: omar@lawlp.com
Primary: tevon@lawlp.com
Secondary: christina@lawlp.com

**By: /s/ Omar Salazar**
OMAR M. SALAZAR II, ESQ.
Fla. Bar No.: 106175

TEVON ENTIENNE, ESQ.
Fla. Bar No.: 1037779

10

# EXHIBIT A

| | |
|---|---|
| Creditor: | Bank of America, N.A. |
| Business Account Number: | ************7292 |
| Reference Number: | 40373608 ABD |
| Balance: | $22,724.24 |
| Amount Enclosed: $ | |

**MERCANTILE**

165 Lawrence Bell Drive, Suite 100
Williamsville, NY 14221-7900
1-855-226-1872

Please send payment or correspondence to:
Mercantile Adjustment Bureau, LLC
PO Box 9055
Williamsville NY 14231-9055

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Date: 05/15/2023

Griselda E Pauli,

This letter is to make you aware of the balance owed as described above. Upon clearance of your payment of the balance listed above, your responsibility for the above referenced account will be considered fulfilled.

Please send payment(s) to: Mercantile Adjustment Bureau, LLC
PO Box 9055
Williamsville NY 14231-9055

We offer an on-line correspondence service that will reduce paper consumption and may improve your customer experience. Please visit www.mercantilesolutions.com to access your account information or make payment(s) on-line.

Sincerely,

Mercantile Adjustment Bureau, LLC
Mika Jackson
Phone Number: 1-855-226-1872

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.